UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FUMA INTERNATIONAL, LLC<br>879 S. Progress Drive, Suite D<br>Medina, OH 44256, | ) ) ) | CASE NO.<br><br>JUDGE |
| and | ) ) | |
| GREGORY D. CONLEY<br>664 Tremain Pl.<br>Medina, OH 44256 | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **COMPLAINT FOR** |
| WILLIAM E. STEIGER II,<br>60 Public Square, Second Floor<br>Medina, OH 44256, | ) ) ) ) | **FOR DECLARATORY RELIEF** |
| and | ) ) | |
| DANIEL HILLENBRANDT,<br>1920 George Dr.<br>Brunswick, OH  44212, | ) ) ) ) | |
| and | ) ) | |
| Michael Mandela<br>3451 Mark Drive<br>Broadview Heights, OH  44147 | ) ) ) ) | |
| Defendants. | ) | |

For their Complaint against defendants William E. Steiger II ("Steiger"), Daniel Hillenbrandt ("Hillenbrandt") and Michael Mandela ("Mandela" and together with Steiger and Hillenbrandt, "Defendants"), plaintiffs Fuma International, LLC ("Fuma")

and Gregory D. Conley ("Conley" and together with Fuma, "Plaintiffs") allege as follows:

## I. JURISDICTION AND VENUE

1. This is a complaint for declaratory relief arising under the patent laws of the United States, 35 U.S.C. §§1, *et seq.*

2. Plaintiffs seek declaratory relief under 28 U.S.C. §§2201 and 2202.

3. This Court has original and exclusive subject matter jurisdiction over this action under 35 U.S.C. §§1331 and 1338, and 28 U.S.C. 28 U.S.C. §§2201 and 2202, as Plaintiffs' right to relief depends on the resolution of a substantive question of federal patent law. Plaintiffs seek a declaratory judgment of ownership and inventorship pursuant to 35 U.S.C.A. §256 regarding the pending patents and related CIP application set forth and specifically identified herein, which this Court is empowered to issue pursuant to 28 U.S.C. §2201.

4. This Court has personal jurisdiction over Defendants because they reside and are domiciled in this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c) because (1) each of the Defendants is subject to personal jurisdiction in this judicial district; and (2) all or a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6. The facts as stated herein demonstrate the existence of a substantial controversy between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## II.   THE PARTIES

7. Fuma is an Ohio limited liability company that maintains its principal place of business in the County of Medina, City of Medina, Ohio.

8. Conley is an individual and the managing member of Fuma, who resides and is domiciled in the County of Medina, City of Medina, Ohio.

9. Steiger is an individual who resides and is domiciled in in the County of Medina, City of Medina, Ohio.

10. Hillenbrandt is an individual and a member of Fuma who resides and is domiciled in the County of Medina, City of Brunswick, Ohio.

11. Mandela is an individual who resides and is domiciled in in the County of Cuyahoga, City of Broadview Heights, Ohio, and is an employee of Fuma.

## III.   BACKGROUND AND FACTUAL ALLEGATIONS

**Formation of Fuma International, LLC**

12. With advice and counsel of Steiger, as legal counsel, Conley and his business partners, Rebecca L. Conley (together with Conley, the "Conleys") and Hillenbrandt formed Fuma in or around June, 2009, which was filed of record with the Ohio Secretary of State in July, 2009.

13. The Conleys each have a 1/3 membership interest in Fuma, as does Hillenbrandt.

14. Fuma is a national distributor of electronic cigarettes manufactured in China.

**Steiger's Acquisition of a Membership Interest in Fuma**

15. Not being satisfied with just being legal counsel for Fuma, Steiger took a 20% membership interest in Fuma in or around July, 2010, without any capital investment unlike the other members who each contributed substantial capital to the business, based solely on his purported ability to generate funding for the business.

16. The Conleys continued to have the majority membership interest in Fuma after Steiger's addition.

17. Despite Steiger's promises and inducements in order to gain a membership interest in Fuma, Steiger never generated any funding for Fuma.

**Steiger's Forced Dissociation from Fuma Pursuant to Fuma's Operating Agreement**

18. In July, 2012, Steiger expressed to the Conleys and Hillenbrandt that he wanted out of Fuma and expected the other members to buy him out.

19. Steiger asked to be paid $200,000 for his membership interest in Fuma and wanted to have a meeting of the membership to vote on his buyout.

20. While the other members were contemplating how to respond to Steiger's demands, Steiger worked full time at a local law firm, while collecting full compensation as a member of Fuma without contributing any time or services to Fuma.

21. As a result of Steiger's demands and detrimental conduct, including text messages and email communications with a third party that Steiger attempted to keep a secret from the other members discussing plans to start his own his own e-liquid business, while at the same time discouraging FUMA from entering into the e-liquid business by claiming the FDA would shut down that business any day and that it was not in FUMAs best interests, pursuant to Section 4.6 of Fuma's Operating

4

Agreement (the "Operating Agreement"), the members of Fuma resolved to dissociate Steiger from Fuma by majority vote on March 6, 2014 (the "Resolution to Remove Steiger"). A true and correct copy of the Resolution to Remove Steiger has been electronically filed herewith and is incorporated herein as <u>Exhibit A</u>.

22. Steiger has refused to accept his dissociation or payment for his membership interest, as required by the Operating Agreement.

23. Steiger has also taken property of Fuma and withheld the same from Fuma and its members.

**Fuma's Technology and Patents**

24. There are two main components in a Fuma electronic cigarette, the battery and the flavor cartridge. When a user inhales on a Fuma electronic cigarette, the battery is activated to heat up the e-liquid that is in the cartridge, thereby converting it into a vapor without ever reaching temperatures of a conventional cigarette.

25. This unique technology is incorporated into two pending patents: (1) United States Provisional Patent Application No. 61/273,097, filed on July 31, 2009, and entitled "Polymer and Electronically Conductive Cartridge/Filter with Integrated Atomizer for Electronic Cigarettes;" and (2) United States Provisional Patent Application No. 61/271,819, filed on July 27, 2009, and entitled "Power Source to Cartridge Adapter for Electronic Cigarettes" (hereinafter, "Electronic Vaporizer") (Collectively, the "Pending Patents").

26. Conley is the listed "inventor" for the Pending Patents and Fuma is the original assignee of the Pending Patents.

5

27. On or about August 25, 2012, the members of Fuma and Mandela submitted a Continuing U.S. Patent Application (the "CIP Application"), having the Application/Control Number of 13/594,813, to the U.S. Patent and Trademark Office, to cover new improvements or "claims" to Fuma's Electronic Vaporizer pending patent. A true and correct copy of an abstract of the CIP Application, identified as United States Patent Application Publication No. US 2013/0220315A1, has been electronically filed herewith and incorporated herein as Exhibit B. A true and correct copy of an Office Action Summary from the United States Patent and Trademark Office pertaining to the CIP application has been electronically filed herewith and is incorporated herein as Exhibit C.

28. The CIP application lists the Conleys, Hillenbrandt, Steiger and Mandela as "inventors" for the Electronic Vaporizer pending patent and Fuma as the original assignee. (See Exhibit "B").

**The Pending Patents and All Related Claims are Property of Fuma**

29. Section 2.5 of the Operating Agreement provides that "title to all property contributed to or otherwise acquired by the Company must be held in the name of the Company."

30. Even though not inventors, and despite the requirements of Section 2.5 of the Operating Agreement, Steiger, Hillenbrandt and Mandela have refused to assign their interests in the claims presented in the CIP Application to Fuma.

**The Pending Asset Sale**

31. On or about August 18, 2014, Fuma entered in to a Letter of Intent with Dunhill Distribution Group, Inc. ("Dunhill") for Dunhill's purchase of all of the

6

assets of Fuma, including the Pending Patents and all other intellectual property of Fuma (the "Sale").

32. The transfer of the Pending Patents to Dunhill cannot occur without the declaratory relief requested by Plaintiff's herein.

## IV. COUNT I

### Declaratory Judgment of Ownership and Inventorship
### (Pending Patents)

33. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 32 of this Complaint as if fully rewritten herein.

34. There is a dispute among the parties regarding their rights, obligations and legal relations arising from a substantive question of federal patent law, which is ripe for judicial determination pursuant to 35 U.S.C.A. §256 and the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.*

35. The requested declaratory relief will terminate the controversy between the parties, which does not depend upon disputed facts.

36. The parties' rights, obligations and legal relations as relate to this dispute are governed solely by federal patent law.

37. Fuma is the owner and assignee of the full rights, title and interest of the Pending Patents.

38. The Pending Patents list the true and correct inventor of their subject matter, Conley.

39. Neither Steiger, Hillenbrandt nor Mandela contributed to the conception of the idea or the subject matter of any claim of the Pending Patients,

7

including any of the additional claims in the CIP Application, and, therefore, neither Steiger, Hillenbrandt nor Mandela is an inventor as set forth by the patent laws of the United States.  See Manuel of Patent Examining Procedures ("M.P.E.P") 2137.01; see also, 35 U.S.C. §§101 and 102(f) (pre-"America Invents Act" ["AIA"]).

40. A judicial declaration affirming that neither Steiger, Hillenbrandt nor Mandela is an inventor of the Pending Patents and that Fuma is the owner and assignee of the full rights, title and interest of the Pending Patents is necessary and appropriate so that Plaintiffs may effect the transfer of the Pending Patents to Dunhill and avoid the damage that will result to Plaintiffs if the Sale is unable to close.

## V. COUNT II

### Declaratory Judgment of Ownership and Inventorship
### (Additional Claims in the CIP Application)

41. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 40 of this Complaint as if fully rewritten herein.

42. Fuma is the owner and assignee of the full rights, title and interest of the additional claims set forth in the CIP Application.

43. Conley is the true and correct sole inventor of the subject matter of the additional claims set forth in the CIP Application.

44. Neither Steiger, Hillenbrandt nor Mandela contributed to the conception of the idea or the subject matter of any of the additional claims set forth in the CIP Application and, therefore, neither Steiger, Hillenbrandt nor Mandela is an inventor as set forth by the patent laws of the United States.  See M.P.E.P 2137.01; see also, 35 U.S.C. §§101 and 102(f) (pre-"AIA").

45. A judicial declaration affirming that neither Steiger, Hillenbrandt nor Mandela is an inventor of the additional claims set forth in the CIP Application and that Fuma is the owner and assignee of the full rights, title and interest of the additional claims set forth in the CIP Application is necessary and appropriate so that Plaintiffs may effect the transfer of the Pending Patents, along with the pending additional claims set forth in the CIP Application, to Dunhill and avoid the damage that will result to Plaintiffs if the Sale is unable to close.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1. A declaration that Steiger is not an inventor under the laws of the United States of the Pending Patents and has no ownership interest in the Pending Patents;

2. A declaration that Hillenbrandt is not an inventor under the laws of the United States of the Pending Patents and has no ownership interest in the Pending Patents;

3. A declaration that Mandela is not an inventor under the laws of the United States of the Pending Patents and has no ownership interest in the Pending Patents;

4. A declaration that Fuma is the owner and assignee of the full rights, title and interest of the Pending Patents;

5. A declaration that Steiger is not an inventor under the laws of the United States of any of the additional claims set forth in the CIP Application and has no ownership interest in any of said claims;

6. A declaration that Hillenbrandt is not an inventor under the laws of the United States of any of the additional claims set forth in the CIP Application and has no ownership interest in any of said claims;

7. A declaration that Mandela is not an inventor under the laws of the United States of any of the additional claims set forth in the CIP Application and has no ownership interest in any of said claims;

8. A declaration that Fuma is the owner and assignee of the full rights, title and interest of the additional claims set forth in the CIP Application;

9. An order declaring Plaintiffs to be the prevailing parties and that this is an exceptional case, awarding to Plaintiffs their costs, expenses, disbursements and reasonable attorney's fees under 35 U.S.C. §285, and all other applicable statutes, rules and common law;

10. That Defendants be ordered to pay all costs associated with this action; and

11. That Plaintiffs be granted such other and additional relief as the Court deems just and proper.

DATED: September 29, 2014

        Respectfully submitted,

        Grubb & Associates, LPA

        */s/ Mark E. Owens*
        Natalie F. Grubb (0062596)
        Mark E. Owens (0068335)
        437 W. Lafayette Road
        Suite 260-A
        Medina, Ohio 44256
        Ph: (330) 725-7252
        Fax: (330) 723-1095
        E-Mail: officemgr@grubbandassoc.com
        *Counsel for Fuma International, LLC and*
        *Gregory D. Conley*