# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| FUMA INTERNATIONAL LLC, *et al.*, | ) CASE NO.1:14 CV 2154 |
| | ) |
| Plaintiffs, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| WILLIAM STEIGER II, *et al.*, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| Defendants. | ) |

     This matter is before the Court upon Defendant Daniel C. Hillenbrandt's Motion to Dismiss the within case pursuant to Fed. R. Civ. P. 12(b)(6). (ECF # 12). Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss, or in the alternative, a Memorandum in Opposition. (ECF # 14). Defendant then filed a Memorandum in Opposition to Motion to Strike, followed by a Reply Brief in Support of Defendant's Motion to Dismiss.[1] (ECF # 17, 23). Having carefully considered all of the arguments presented by the parties and the applicable law, Defendant's Motion to Dismiss is hereby DENIED.

---

[1] Plaintiffs moved to strike on the grounds that Defendant's motion to dismiss was ghostwritten by counsel, who had failed to make an appearance in this matter. (ECF # 14). Defendant Hillenbrandt's attorney apologized and submitted the reply brief (ECF # 23), which this Court is treating as the memo in support of the Motion to Dismiss. Plaintiff's Motion to Strike (ECF # 14) is denied. Further, for the purpose of this memorandum, this Court treats Plaintiff's Memorandum in Opposition (ECF # 14) as a response to Defendant's Reply Brief in Support of Defendant's Motion to Dismiss (ECF # 23).

## STATEMENT OF FACTS[2]

On September 29, 2014, Plaintiffs Fuma International, LLC ("Fuma") and Gregory D. Conley filed this action against Defendants William E. Steiger II, Daniel Hillenbrandt, and Michael Mandela. Plaintiffs assert that the defendants are not inventors of the relevant pending patents and additional claims, and that Plaintiff Fuma is the owner and assignee of the full rights, title, and interest of the pending patents and additional claims. Plaintiffs therefore seek a declaratory judgment regarding the ownership and inventorship of the pending patents and additional claims.

In or around June, 2009, Plaintiff Gregory Conley, Rebecca L. Conley, and Defendant Daniel Hillenbrandt ("Defendant")[3] formed Fuma, a national distributor of electronic cigarettes. (ECF # 2, ¶ 12, 14). The main components of a Fuma electronic cigarette are incorporated into two pending patents: (1) United States Provisional Patent Application No. 61/273,097, filed on July 31, 2009, and entitled "Polymer and Electronically Conductive Cartridge/Filter with

---

[2] The facts presented are those that have been alleged in Plaintiff's Complaint for Declaratory Relief. In any instance where these allegations have been disputed by Defendant, deference to the allegations will be accorded as required by the appropriate standard of review on a motion to dismiss. The Court makes no determination as to the truthfulness of these allegations, but accepts them as true solely for the purpose of addressing Defendant's motion to dismiss. Further, the Court has set forth all relevant allegations, omitting all allegations that do not assert actual facts, but rather make legal conclusions or unwarranted inferences, or that merely assign labels or recite elements of a claim.

[3] Defendant Hillenbrandt is the only moving party seeking a dismissal of Plaintiffs' claims, and therefore for the purposes of this motion, he will be referred to as "Defendant" throughout.

-2-

Integrated Atomizer for Electronic Cigarettes;" and (2) United States Provisional Patent Application No. 61/271,819, filed on July 27, 2009, and entitled "Power Source to Cartridge Adapter for Electronic Cigarettes" (collectively, the "Pending Patents".)  (ECF # 2, ¶ 24, 25).  On or about August 25, 2012, the members of Fuma submitted a Continuing U.S. Patent Application ("CIP Application"), having the Application/Control Number of 13/594,813, to the U.S. Patent and Trademark Office, to cover new improvements or "claims" to Fuma's second pending patent. (ECF # 2, ¶ 27).

On or about August 18, 2014, Fuma entered into a Letter of Intent with Dunhill Distribution Group, Inc. ("Dunhill") for Dunhill's purchase of all of Plaintiff Fuma's assets, including the Pending Patents and the pending additional claims set forth in the CIP Application. (ECF # 2, ¶ 31).  In order to effectuate the transfer of the Pending Patents and pending additional claims set forth in the CIP Application, Plaintiffs require a judicial declaration affirming that Plaintiff Conley alone, and none of the defendants, is the inventor of the Pending Patents and additional claims, and that Plaintiff Fuma is the owner and assignee of the full rights, title, and interest of the Pending Patents and additional claims.  (ECF # 2, ¶ 40, 45).

Plaintiffs assert that the defendants are not inventors of either the Pending Patents nor the additional claims set forth in the CIP Application.  (ECF # 2, ¶ 29).  Plaintiff Conley is the listed "inventor" for the Pending Patents.  (ECF # 2, ¶ 26).  The CIP Application lists Plaintiff Conley and all of the defendants as "inventors" for the second pending patent.  (ECF # 2, ¶ 28).  Plaintiffs allege, however, that none of the defendants contributed to the conception of the idea or the subject matter of any claim of the Pending Patents, including any of the additional claims set forth in the CIP Application.  (ECF # 2, ¶ 39).

-3-

Plaintiff Fuma is the original assignee of the Pending Patents. (ECF # 2, ¶ 26). The CIP Application lists Plaintiff Fuma as the original assignee. (ECF # 2, ¶ 28). Plaintiff Conley asserts that he and his wife have a majority membership interest in Fuma, while Defendant Hillenbrandt maintains only a 1/3 membership interest. (ECF # 2, ¶ 13, 16). Section 2.5 of Fuma's Operating Agreement provides that "title to all property contributed to or otherwise acquired by the Company must be held in the name of the Company." (ECF # 2, ¶ 29). Despite this requirement, the defendants have refused to assign their interests in the claims presented in the CIP Application to Fuma. (ECF # 2, ¶ 30). Accepting these allegations as true, the Court addresses the Defendant's Motion to Dismiss below.

## STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving parties]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). Further, the court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint are also properly considered. *See Shaughness v. Interpublic Grp. Of Cos.*, 2012 U.S. App. LEXIS 24198 at *19 (6th Cir. Nov. 2, 2012).

-4-

The court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The alleged facts must "state a claim that is plausible on its face." *Id.* at 570. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 678. However, in deciding a Rule 12(b)(6) motion, a court must be sure to determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## DISCUSSION

The Declaratory Judgment Act provides: "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Declaratory Judgment Act, 28 U.S.C. § 2201(a). "[I]nventorship, the 'question of who actually invented the subject matter claimed in a patent,' is a question of federal patent law." *E.I. Du Pont de Nemours & Co. v. Okuley*, 344 F.3d 578, 582 (6th Cir.2003) (quoting, *Beech Aircraft Corp. v. Edo Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993)).

A person is only entitled to a patent if he or she personally invented the subject matter sought to be patented. See 35 U.S.C. § 102(f). "Because 'conception is the touchstone of inventorship,' each joint inventor must generally contribute to the conception of the invention." *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1460 (Fed.Cir.1998) (quoting *Burroughs Wellcome Co. v. Barr Lab., Inc.*, 40 F.3d 1223, 1227-28 (Fed. Cir. 1994)). "Conception is the 'formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice.'" *Id.* (quoting *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986)). "An idea is sufficiently 'definite and permanent' when 'only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation.'" *Id.* (quoting *Burroughs Wellcome* 40 F.3d at 1228).

The Complaint contains factual allegations sufficient to make an actual controversy as to which of the parties are actual inventors of the patents, assuming all such allegations to be true, to entitle Plaintiffs to declaratory relief. Defendant Hillenbrandt contends that Plaintiffs' inventorship claims should be dismissed because Plaintiff Conley "failed to plead sufficient factual allegations so as to have nudged his inventorship claim across the line from conceivable to plausible." (ECF # 23 at 5). According to Defendant, the complaint consists of "bare naked assertions" and "legal conclusions disguised as factual allegations," and therefore "cannot overcome the heightened standard of pleading required by *Twombly* and *Iqbal*." (ECF # 23 at 4). Lastly, Defendant asserts that "in construing the allegations in favor of the non-moving party, it is neither conceivable nor plausible that [Plaintiff] Conley erroneously or mistakenly listed four other names on the Patents that are the subject of this case." (ECF # 23 at 4).

Defendants' argument is not well-taken.  As Plaintiff notes, "under the well-pleaded complaint rule, 'the Court may look only to Plaintiff's complaint and not to any defenses or counterclaims asserted by the Defendant." (ECF # 14 at 6 (quoting *E.I. Du Pont de Nemours & Co. V. Okuley*, 2000 WL 1911439 (S.D. Ohio Dec. 21, 2000)).  Thus, it is of no consequence that the defendants names are on the patents because such a fact is only relevant to Defendant's defense.  An argument suggesting that Plaintiff must defend all possible factual disputes in his complaint goes well beyond any required standard for pleading allegations in the Complaint itself.  Further, in Plaintiff's complaint, Plaintiff specifically alleges that none of the defendants "contributed to the conception of the idea or the subject matter of any claim of the Pending Patients [sic], including any of the additional claims in the CIP Application." (ECF # 2, ¶ 39).  This allegation is sufficient to maintain a claim for a declaratory judgment against Defendant at this stage of the proceedings.  Requiring any more at this stage would bar Plaintiff of his right to the discovery stage of litigation and compel him to prove his case before it has even begun.  Because this Court finds that Plaintiff's inventorship claims presents unresolved issues of fact, the claim will not be dismissed.[4]

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, (ECF # 23), is hereby DENIED.  IT IS SO ORDERED.

---

[4]
As such, Plaintiffs' declaratory judgment claim requesting that this Court interpret Plaintiff Fuma's operating agreement and declare Fuma the owner of the Pending Patents and additional claims set forth in the CIP Application any other claims in connection with this inventorship claim, a matter of federal may proceed on the basis of pendent jurisdiction.

-7-

DONALD C. NUGENT
United States District Judge

DATED: July 2, 2015